# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| STEPHEN ZARATE,<br><br>    Plaintiff(s),<br><br>v.<br><br>PRUITT, et al.,<br><br>    Defendant(s). | Case No. 2:22-cv-01449-APG-NJK<br><br>**Order**<br><br>[Docket No. 20] |

    Service has not been completed on the Defendants against whom Plaintiff's complaint survived screening. On November 22, 2023, summonses were returned unexecuted with notations that the subject defendants no longer work at the address provided. Docket No. 19. On December 4, 2023, Plaintiff filed a request asking for service to be completed by using addresses from tax documents that he appears to believe are accessible by the Court (or the United States Marshals Service). Docket No. 20.

    As an initial matter, the Clerk's Office has issued a notice that the latest filing fails to comply with the governing rules that requests for relief be properly fashioned as a motion and comply with the formatting of a motion. Docket No. 20. The Court will exercise its discretion to consider the instant request notwithstanding these technical defects. Nonetheless, Plaintiff must ensure that he complies with all governing rules moving forward.

    Turning to the substance of the request, Plaintiff has effectively asked the Court and the Marshal to act as his investigators to find addresses for the subject defendants by somehow accessing their tax records. Docket No. 20 at 3. This the Court cannot do. The Court has elsewhere outlined the procedures and responsibilities attendant to effectuating service in a prisoner civil rights case in which the plaintiff is proceeding *in forma pauperis*:

> In cases involving a plaintiff proceeding *in forma pauperis*, service on the defendant may be effectuated by the United States Marshal. Nonetheless, it is ultimately the plaintiff's responsibility to obtain an address at which the defendant may be served by the Marshal. Moreover, when the Marshal is not able to effectuate service based on the information provided, the plaintiff must seek further relief to remedy that situation. While the Court has a duty to construe the filings of a *pro se* litigant liberally, it does not act as his attorney and cannot make decisions on his behalf regarding how his case should proceed. [I]t is [the plaintiff's] responsibility once the initial service attempt proved unsuccessful to file a motion identifying the unserved Defendant(s) and specifying a more detailed name and/or address for said Defendant(s), or whether some other manner of service should be attempted.

*Gibbs v. Fey*, 2017 WL 8131473, at *3 (D. Nev. Nov. 14, 2017) (internal citations and quotations omitted), *adopted*, 2018 WL 1157544 (D. Nev. Mar. 2, 2018). The same framework for service applies in this case: "If Zarate wishes to have service again attempted on an unserved defendant, then a motion must be filed with the court identifying the unserved defendant(s) and specifying a more detailed name and/or address for said defendants, or whether some other manner of service should be attempted." Docket No. 10 at 9.

In short, if Plaintiff seeks further service attempts on any of the remaining Defendants at a new address, then <u>Plaintiff</u> must provide that new address. The request asking the Court (or the Marshal) to find new addresses by investigating tax records is **DENIED**.

IT IS SO ORDERED.

Dated: December 7, 2023

_____
Nancy J. Koppe
United States Magistrate Judge